**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ira SIMMONS, Defendant–Appellant.**

**No. 89–5848.**

United States Court of Appeals, Eleventh Circuit.

Feb. 19, 1991.

188

John E. Bergendahl, Miami, Fla., for defendant-appellant.

William F. Jung, U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

CLARK, Circuit Judge:

Appellant Ira Lee Simmons appeals the sentence imposed under the guidelines following his conviction for possession of a firearm by a three-time felon. The district court departed from the statutory minimum and guideline sentence of 15 years and sentenced Simmons to a 50–year term of imprisonment. While this sentence is undeniably severe, we find that the district court adequately explained its reasons for the departure and find that under the circumstances of this case, the departure was reasonable. Consequently, we affirm the sentence imposed by the district court.

## FACTS

On November 8, 1988, a Metro–Dade police officer on night narcotics patrol in a Miami housing project observed Simmons standing near a dumpster with what appeared to be a gun in his waistband. Appellant left the area. The officer followed and saw appellant hide the gun under a car and walk away. The officer retrieved the loaded pistol from under the car. A backup officer arrested Simmons shortly thereafter. At the time of his arrest, appellant had in his pants pocket six bullets which matched those taken from the loaded gun.

Appellant was tried by a jury and convicted of violating 18 U.S.C. § 922(g)(1) which prohibits possession of a firearm or ammunition by a convicted felon. The probation officer calculated appellant's base

offense level as 9 pursuant to U.S.S.G. § 2K2.1, the guideline applicable to weapons violations such as § 922(g). Appellant received a two-level enhancement for obstructing justice pursuant to § 3C1.1, based on his giving materially false testimony at trial. Appellant has eight prior felonies involving the use of a firearm and fifteen serious offenses since age 17; appellant is 39. The probation officer calculated appellant's criminal history category to be IV. The resulting guideline range was 18–24 months. Due to appellant's prior convictions, however, this guideline range was not applicable in sentencing appellant.

The Armed Career Criminal Act, 18 U.S.C. § 924(e), provides enhancement of an offender's sentence if the offender is convicted of a predicate offense under § 922(g) and has three previous convictions for a violent felony or a serious drug offense. These two terms are defined in §§ 924(e)(2)(A) and (B). Section 924(e) prescribes a mandatory minimum sentence of 15 years (180 months). When a statutory minimum sentence exceeds the guideline range, the statutory minimum becomes the presumptive guideline sentence. U.S.S.G. § 5G1.1(b).

At the sentencing hearing and in a subsequent comprehensive memorandum order, the district court articulated several facts to justify a departure: (1) appellant obstructed justice by giving materially false testimony at trial; (2) appellant had numerous convictions for weapons related offenses other than those used to qualify him as an armed career criminal under the statute; (3) the Pre–Sentencing Report (PSR) contained sufficiently reliable evidence of other offenses for which appellant had not been convicted to support the court's considering such conduct in fashioning sentence; and (4) appellant committed the offense of conviction less than two years following his release from confinement on another offense. The district court then departed upward from the 15–year presumptive guideline sentence and imposed a 50–year term of imprisonment.

## DISCUSSION

■ The guidelines applicable to appellant contain no reference to § 924(e).[1] While § 5G1.1(b) transforms the statutory minimum into the presumptive guideline sentence, the guidelines assign no offense level or criminal history category which corresponds to the statutory minimum sentence. Thus, as the district court noted, the guidelines provide no means to locate a starting point on the sentencing grid. Without a starting point on the grid, it is impossible to explain a departure in terms of increases in offense level or criminal history category. When there is no guideline on point, § 2X5.1 controls. That provision provides in part: "The court is required to determine if there is a sufficiently analogous offense guideline," and if there is not, "the provisions of 18 U.S.C. § 3553(b) control." The statute directs a court to fashion a sentence which comports with the purposes of sentencing as described in 18 U.S.C. § 3553(a)(2). The Commentary to § 2X5.1 further provides: "In the absence of an applicable sentencing guideline ... the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission."

■ Appellant contends that the district court failed to follow the guided departure procedure mandated by § 4A1.3. *United States v. Fayette*, 895 F.2d 1375, 1379–80 (11th Cir.1990) (when departing from the

---

1. The most recent amendments to the guidelines contain a new provision applicable to the "Armed Career Criminal." *See* Amendments to the Sentencing Guidelines for United States Courts, 55 Fed.Reg. 19,188, 19,205 (1990) (adding new § 4B1.4). Under this new guideline, appellant would have been sentenced with offense level 35 (33 plus 2 for obstruction of justice) and criminal history category IV. This yields a guideline range of 235–293 months. The criminal history category under the guideline is assigned and is based solely on the three qualifying violent felonies or serious drug offenses. However, only those guidelines in effect at the time appellant committed the offense are applicable in sentencing appellant. *Cf. United States v. Bradley*, 905 F.2d 359, 360 (11th Cir.1990).

guidelines on the basis of criminal history, a sentencing court must use the guided departure procedure outlined in § 4A1.3).[2] This section provides a means by which a court may depart from the guideline range because the offender's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." This requires the sentencing judge, first, to " 'determine which category best encompasses the defendant's prior history,' " and second, to " 'use the corresponding sentencing range for that category to guide its departure.' " 895 F.2d at 1379 (quoting *United States v. Cervantes*, 878 F.2d 50, 53 (2nd Cir.1989)). In other words, the " 'Guidelines require sentencing courts first to consider upward adjustments of the criminal history category ... before a departure may be justified' " on the basis of an inadequate criminal history score. *Id.* at 1379 (quoting *United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989)). In a later case, discussing *Lopez*, the Fifth Circuit concluded that the sentencing court had "erred in essentially bypassing the guidelines and in not considering the possible sentences under the next higher criminal history category." *United States v. Harvey*, 897 F.2d 1300, 1306 (5th Cir.1990). The guided departure procedure outlined above is necessary to enable a reviewing court to evaluate whether an intervening criminal history category may have been more appropriate.

It is evident from the sentencing memorandum[3] that the district court found no sufficiently analogous guideline to provide any guidance in this case. The district court, as required, relied on the purposes of sentencing contained in 18 U.S.C. § 3553(a)(2)[4] and filed a comprehensive order substantiating the departure. The district court also took care to place its departure in context with respect to the guidelines. The district court separated its discussion of the grounds for departure into three areas: (1) risk of recidivism; (2) past criminal conduct; and (3) obstruction of justice. Each of these areas is relevant to sentencing under the guidelines and can provide a proper basis for a departure. In reaching its conclusion that a departure was justified and indeed necessary, the court stated:

> The Court is aware that the sentence imposed by the court is high. *See United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989) (sentence going *beyond highest category* VI may be appropriate when "judge states definitively that he or she considered lesser adjustments" that are inadequate). In the duly considered findings of the Court as recited, *a lesser upward adjustment simply will not prevent the violent conduct involving firearms that appear inevitable when*

**2.** Section 4A1.3 has been part of the guidelines since November 1, 1987, well before Simmons committed the instant offense. As discussed above, the recent amendment to the guidelines, the armed career criminal guideline, creates a guideline to cover 18 U.S.C. § 924(e). Both the armed career criminal guideline, new § 4B1.4, and the career offender guideline, § 4B1.1, must be distinguished from the guideline governing the adequacy of the offender's criminal history category, § 4A1.3. It is the guided departure analysis outlined in § 4A1.3 which the court in *Fayette* concludes must be followed when departing on the basis of inadequacy of criminal history category.

**3.** During oral argument, counsel for appellant argued that we should not consider the district court's sentencing memorandum as it was filed after the hearing and after appellant's notice of appeal. Initially we note that appellant failed to raise this argument in its brief to this court. More importantly, however, the purpose of the district court's explanation is to facilitate appel-

late review and to aid in reducing sentencing disparity. It would be counter productive and squander scarce judicial resources to remand this case for more specific reasons when those reasons are readily available for our review.

**4.** Section 3553(a) provides in pertinent part:

> The court, in determining the particular sentence to be imposed, shall consider ...
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

the Defendant is released from custody. A lower level does not adequately address the course of criminal conduct that has been the compass by which the Defendant has charted his youth and maturity.

Memorandum Order at 8, 1989 WL 151665, *4 (emphasis added). When rejecting the calculated criminal history category, § 4A1.3 requires a court to determine what criminal history category is most appropriate and to select a sentence from the guideline range corresponding to that criminal history category. However, the guidelines provide no such structure when a court determines that the defendant should be sentenced above category VI.

The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal history record in which even the guideline range for a Category VI criminal is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted.

§ 4A1.3 at 4.10. Moreover, there is no guideline range for the district court to chose from when sentencing above category VI.

■ This case is somewhat unusual in that there is no specific guideline that applies to the statute violated by the appellant; however, our role in reviewing a departure from the guidelines is straightforward. Appellate review of departure cases generally consists of three steps. First, we must determine whether the guidelines adequately consider a particular factor so as to preclude a district court from relying upon it as a basis for departure. We exercise de novo review of this question of law. *See United States v. Crawford,* 883 F.2d 963, 964–66 (11th Cir.1989) (exercising de novo review of sentencing court's determination that guidelines did not adequately consider certain aggravating circumstances and concluding that nothing in record indicates that the departure was unreasonable). Second, we must determine whether there exists sufficient factual support for the departure. This review implicates the district court's factfinding role and we are constrained from reversing its findings except for clear error. 18 U.S.C.A. § 3742(e) (appellate courts "shall accept the findings of fact of the district court unless they are clearly erroneous"). Finally, "[i]f the circumstance was properly taken into account, was the extent of the departure from the guideline range reasonable?" *United States v. Shuman,* 902 F.2d 873, 875–76 (11th Cir.1990); *see also United States v. Diaz–Villafane,* 874 F.2d 43, 49 (1st Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989) ("'[O]nce we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness."); 18 U.S.C.A. § 3742(e)(3). The statute further requires appellate courts to "give due regard to the opportunity of the district court to judge the credibility of the witnesses ... and [to] give due deference to the district court's application of the guidelines to the facts." 18 U.S.C.A. § 3742(e); *accord United States v. Carrillo,* 888 F.2d 117, 118 (11th Cir.1989) (district court's factual findings must be accepted unless clearly erroneous).

It is clear to us that under the circumstances the district court was justified in departing from the 15–year presumptive guideline sentence. The guidelines do not specifically consider 18 U.S.C. § 924(e). The court was required to fashion a sentence using the guidance contained in 18 U.S.C. § 3553(a) and in the guidelines' policy statements and commentary. The armed career criminal statute required a 15–year sentence in the case of an offender who was convicted of violating § 922(g) and had three prior convictions of a violent felony or serious drug offense. Neither the statute nor the guidelines provide any means to factor the enhancement for obstruction of justice into the offense level, or to adjust the defendant's criminal history category based on conduct not used in calculating the statutory sentence.

■ Appellant argues that to consider defendant's prior convictions to adjust his criminal history score constituted impermissible double counting because all prior convictions had been used to score him in category IV. Under these circumstances, however, appellant has no criminal history score. The statute mandates a 15–year minimum sentence. Although this becomes the guideline sentence, there is no corresponding criminal history category and offense level. In reaching the 15–year sentence, the court used only the predicate offense and the three prior qualifying offenses. Therefore, the court could properly consider appellant's remaining weapons-related felonies and other unlawful conduct described in the PSR.

The guidelines clearly allow consideration of prior adult criminal conduct not resulting in a conviction. *See* § 4A1.3(e).[5] In *United States v. Spraggins*, 868 F.2d 1541, 1544 (11th Cir.1989), the court concluded that it was permissible to rely on a prior sentence imposed earlier than the applicable time specified in § 4A1.2(e), to enhance the defendant's sentence because it was closely related to the offense of conviction. In *United States v. Campbell*, 888 F.2d 76, 78–79 (11th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990), the court held that a sentencing court may use certain "non-qualifying" prior convictions to justify a departure. Appellant argues that his prior arrest record was a significant factor in the court's decision to depart from the guidelines. We disagree. Nothing in the district court's memorandum indicates that it relied on any impermissible factors in departing from the guidelines. We conclude that the first prong of the departure analysis is satisfied.

■ Appellant has not argued that the factual findings as contained in the PSR and accepted by the trial court are clearly erroneous; we need not consider the second prong of the departure analysis. Finally, we conclude that the degree of the

departure was reasonable. The district court carefully and meticulously set out its reasons for imposing this sentence, explaining why any shorter sentence would be inappropriate. The court identified several significant factors that the 15–year sentence did not take into account. The court recognized that a 50–year sentence was harsh, but concluded that the sum total of appellant's conduct not considered in the 15–year sentence justified a 50–year sentence. As one court aptly stated:

District courts are in the front lines, sentencing flesh-and-blood defendants. The dynamics of the situation may be difficult to gauge from the antiseptic nature of a sterile paper record. Therefore, appellate review must occur with full awareness of and respect for, the trier's superior feel for the case. We will not lightly disturb decisions to depart....

*Diaz–Villafane*, 874 F.2d at 49–50. One of the fundamental goals behind Congress' adopting the guidelines was the reduction of sentencing disparity. U.S.S.G. ¶¶ 3–4 at 1.2–1.6 (Nov. 1, 1989). The district court in this instance determined that appellant's criminal history and likelihood of recidivism far exceed that of the typical category VI criminal. The court then concluded that a 50–year term of imprisonment was appropriate. Given the circumstances of this case and the district court's exhaustive explanation of reasons, we find no basis to dispute the district court's decision. This is not the first time a district court imposed a severe penalty under the armed career criminal statute. In *United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir.1987), a pre-guidelines case concerning the armed career criminal statute, the court upheld a sentence of life imprisonment in the case of a defendant who had been previously convicted of four armed bank robberies and one armed robbery. The court dismissed appellant's argument that the sentence exceeded the statutory range, holding that where the statute does not specify a maxi-

---

**5.** Of course, the court must determine whether the evidence of prior criminal conduct is sufficiently reliable to permit its use. Generally, a district court's findings of fact as to prior criminal conduct will not be disturbed provided "the

information [supporting the finding] has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. *See United States v. Alston*, 895 F.2d 1362, 1373 (11th Cir. 1990).

mum sentence, as is the case with 18 U.S.C. § 924(e), life imprisonment is the putative statutory maximum. *Id.*

## CONCLUSION

Appellant has failed to show that the district court relied on any impermissible factors in determining the degree and direction of its departure. Under the circumstances of this case, the departure was not unreasonable.

· AFFIRMED.