**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jackson Randall BRUCE, Defendant–Appellant.**

**No. 90–3753.**

United States Court of Appeals, Eleventh Circuit.

July 8, 1992.

James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellant.

Jay L. Hoffer, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before EDMONDSON, Circuit Judge, RONEY *, Senior Circuit Judge, and PITTMAN **, Senior District Judge.

PER CURIAM:

The issue in this case is whether the possession of a firearm by a convicted felon is a crime of violence within the meaning of the Sentencing Guidelines.

Because possession of a firearm in many instances could in no way be a violent act as a matter of actual fact, Judges Roney and Pittman would not have adopted the *per se* rule such as set forth in Judge Edmondson's opinion in *United States v. Stinson*, 943 F.2d 1268 (11th Cir.1991). Although they would subscribe to the reasoning of the opinion rejecting the petition for rehearing in *Stinson* on the ground that the Guidelines Commission, by changing the commentary, cannot change the settled law of a circuit, they would not have rejected the amended commentary where the case law is still unsettled in the Circuit. *See United States v. Stinson*, 957 F.2d 813 (11th Cir.1992).

In any event, if we are to approach the uniformity of sentences in criminal cases, which is the goal of Congress in enacting the Sentencing Guidelines, it is quite apparent that higher authority will have to settle this issue.

The decisions of this Court in *Stinson* require that the district court's enhancement of Bruce's sentence on the ground that possession of a firearm by a convicted felon is a crime of violence, must be

AFFIRMED.

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.