**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephen E. ADUDU, aka Paul Mann, Defendant–Appellant.**

**No. 92–8597.**

United States Court of Appeals, Eleventh Circuit.

June 21, 1993.

---

822

Christine A. Van Dross, College Park, GA, for defendant-appellant.

James R. Harper, III, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and BRIGHT *, Senior Circuit Judge.

BRIGHT, Senior Circuit Judge:

A grand jury indicted Stephen E. Adudu on various counts of assaulting a Secret Ser-

vice agent, possession and use of unauthorized credit cards, and fraudulent use of a Social Security card. The Government ultimately agreed to dismiss all counts if Adudu pled guilty to the assault and fraudulent use of the Social Security card charges, which he did. At sentencing, the district court raised Adudu's criminal history level from I, as set forth in the presentence report (the PSR), to a level of V pursuant to U.S.S.G. § 4A1.3. Adudu appeals his sentence, arguing the district court erred in departing upward from the Guidelines by four criminal history categories and, in effect, doubling his prison time. We agree and remand for resentencing.

As a result of an investigation of suspicious mailing addresses at Spalding Mail Boxes, a commercial mail facility in Norcross, Georgia, Secret Service agents learned of a person using a fraudulently obtained Neiman Marcus credit card. The person would charge purchases and then have them sent to one of the Spalding Mail Boxes. On September 1, 1991, the agents set up a controlled delivery to the box. As the person, later identified as Adudu, went to the counter to claim the package, agents grabbed him. A struggle ensued during which Adudu punched and kicked the agents and apparently shoved and injured a four-year-old boy. Adudu then escaped into an awaiting car. Following another altercation, agents arrested him the following day at his home.

A grand jury subsequently indicted Adudu on six counts: (1) two counts of assault on a Secret Service agent (18 U.S.C. § 111); (2) possession of more than fifteen unauthorized credit cards (18 U.S.C. § 1029); (3) unauthorized use of a Discover card (18 U.S.C. § 1029); (4) unauthorized use of a Neiman Marcus card (18 U.S.C. § 1029); and (5) fraudulent use of a Social Security card (42 U.S.C. § 408(g)(2)). The Government later agreed to dismiss all counts but the assault and fraudulent use of the Social Security card, to which Adudu then pled guilty.

As set forth in the presentence report, the parole officer determined that Adudu's of-

* Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa-

tion.

fense level was 13, and his criminal category was I (no prior convictions), and the dollar amount from fraud was $18,000. The PSR called for a prison sentence of twelve to eighteen months, and denied him any deduction for alleged acceptance of responsibility.

The Government objected to the presentence report, stating: "[T]he guideline calculations fail to reflect the extreme nature of the defendant's violent conduct and the collateral effects of his actions." PSR at 16.

After reciting from the presentence report that defendant placed other individuals at risk by violently resisting arrest and by shoving a four-year-old boy in avoiding apprehension and fleeing at a high speed, the Government sought an upward departure under U.S.S.G. § 5K2.0. That guideline provision authorizes an upward departure if the district court finds "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *See* 18 U.S.C. § 3553(b).

The sentencing judge sought to increase the sentence under § 5K2.0, but realized the provision would not effect an increase in Adudu's sentence.

■ On the Government's suggestion, the district court departed upward under U.S.S.G. § 4A1.3, raising Adudu's criminal history category from I to V. The district court did this without examining the appropriateness of any successive intermediate criminal history categories.[1] Consequently, Adudu's sentencing range went from twelve to eighteen months (category I) to thirty to thirty-seven months (category V). The district court imposed a thirty-seven month sentence of incarceration.

Section 4A1.3 authorizes a departure in limited circumstances where "the criminal history category does not adequately reflect the seriousness of the defendant's *past* criminal conduct or the likelihood that the defen-

dant will commit other crimes." U.S.S.G. § 4A1.3 (emphasis added). The sentencing judge imposed its sentence without providing advance notice to Adudu of its intention to invoke § 4A1.3. The district court applied section 4A1.3 because: (1) it was likely the actual loss was greater than $18,000, based on the large number of accounts Adudu was using; (2) his attempts to flee custody demonstrated a high likelihood of recidivism; (3) the circumstances surrounding his arrest were particularly egregious; and (4) he "beat the tar out of two Secret Service agents." Sent. tr. at 12.

These reasons all relate to circumstances surrounding the commission of the crimes for which the district court was sentencing him. They do not relate to his past criminal conduct.

The commission's explanation of reasons for departure highlight why the district court erred in doubling Adudu's sentence by applying section 4A1.3. The commission's policy statement reads in part:

A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes. Examples might include the case of a defendant who (1) had several previous foreign sentences for serious offenses, (2) had received a prior consolidated sentence of ten years for a series of serious assaults, (3) had a similar instance of large scale fraudulent misconduct established by an adjudication in a Securities and Exchange Commission enforcement proceeding, (4) committed the instant offense while on bail or pretrial release for another serious offense or (5) for appropriate reasons, such as cooperation in the prosecution of other defendants, had previously received an extremely lenient sentence for a serious offense. The court may, after a review of all the relevant information, conclude that the defendant's

---

1. When making this departure, the court must look first to the next criminal history category. If the category adequately reflects the defendant's past conduct, the court must state its findings and sentence the defendant under the range for the new category, but, if inadequate, the court may proceed to the next range. *United States v. Williams*, 989 F.2d 1137, 1142 (11th Cir.1993) (quoting *United States v. Johnson*, 934 F.2d 1237, 1240 (11th Cir.1991)).

criminal history was significantly more serious than that of most defendants in the same criminal history category, and therefore consider an upward departure from the guidelines. However, a prior arrest record itself shall not be considered under § 4A1.3.

U.S.S.G. § 4A1.3.

■ Section 4A1.3 is limited to considerations of whether the criminal history category understates either the seriousness of the defendant's past criminal conduct or the likelihood of recidivism. No matter how probative of recidivism a factor is, it cannot justify an upward departure under § 4A1.3 unless that factor relates to past criminal conduct of the defendant. *See, e.g., United States v. Jones,* 948 F.2d 732, 737 (D.C.Cir.1991) ("The Sentencing Guidelines clearly envision criminal history and current offenses as mutually exclusive."). Because the four factors relied upon by the district court all related to the offense itself, the district court misapplied the sentencing guideline. *Id.* at 737 n. 11 (If the criminal acts were "part of the [sic] 'the same course of conduct or common scheme or plan as the offense[s] of conviction,' then, as a matter of law, it was an impermissible ground upon which to base a criminal history departure.").

Because the reasons the district court provided for departing upward under § 4A1.3 do not relate to his past criminal conduct, the sentence imposed here cannot stand. U.S.S.G. § 4A1.3; *see United States v. Huang,* 977 F.2d 540, 543 (11th Cir.1992).

Accordingly, we reverse and remand and instruct the district court to impose an appropriate sentence in light of all the circumstances and in accordance with law.