**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terry LaJuan WRIGHT, Harold Lee
Andreu, Defendants–Appellants.**

No. 90–3564.

United States Court of Appeals,
Eleventh Circuit.

Sept. 29, 1994.

James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, FL, for Wright. M. Alan Ceballos, Jacksonville, FL, for appellants.

Mark B. Devereaux, Asst. U.S. Atty., Jacksonville, FL, John F. De Pue, Dept. of Justice, Crim. Div., Washington, DC, for appellee.

Before ANDERSON and DUBINA, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

ON REMAND FROM THE SUPREME COURT OF UNITED STATES

PER CURIAM:

Defendant–Appellant Terry LaJuan Wright was found guilty after a jury trial of four counts, including possession of a firearm by a convicted felon ("felon in possession"), stemming from a bank robbery in Jacksonville, Florida. The details of the case are outlined in this court's previous opinion upholding Wright's conviction and sentence. *United States v. Wright,* 968 F.2d 1167 (1992). Wright was sentenced as a career criminal. The felon in possession charge was considered a crime of violence for the purposes of applying the career offender provisions of U.S.S.G. § 4B1.1 and 4B1.2 (1989). This calculation led to a base offense level of 37, providing an imprisonment range of 360 months to life. Wright was therefore sentenced to 420 months (35 years) based on the career criminal provision, plus five years consecutive on another count, for a total of 40 years.

This court upheld Wright's conviction [1] and sentence. Wright claimed that the felon in possession conviction was not a crime of violence, and therefore his base offense level should have been 34, which would result in a sentencing range of 262–327 months. We rejected this argument on the basis of the then-controlling precedent of *United States v. Stinson,* 943 F.2d 1268 (11th Cir.1991) (*Stinson I*), which had held that felon in possession was categorically a crime of violence. On petition for rehearing in *Stinson,* this court reaffirmed that view, holding that a subsequent amendment to the Sentencing Guidelines commentary that stated that felon in possession was never to be considered a crime of violence (hereinafter "amendment 433") was not controlling because courts are not bound by commentary to the Sentencing Guidelines. 957 F.2d 813 (11th Cir.1992) (*Stinson II*).

Subsequently, the Supreme Court reversed this court's holding in *Stinson.* —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993)

---

1. In the instant appeal, Wright does not raise any challenge to his conviction. Nor does his codefendant, Harold Lee Andreu, raise any claims.

(*Stinson III*). The Court disagreed with the rationale of *Stinson II,* holding that the commentary to the guidelines was binding upon courts, unless that commentary violated the Constitution or a federal statute, or was inconsistent with, or a plainly erroneous reading of, the applicable guideline. *Stinson III* left open, however, the question of whether amendment 433—which was characterized by the Sentencing Commission as merely "clarifying," United States Sentencing Guidelines Manual, app. C, at 254 (1993)—should be applied retroactively; this question was left up to this circuit on remand. *Stinson III,* —— U.S. at ——, 113 S.Ct. at 1920. Subsequently, the Supreme Court vacated and remanded Wright's sentence for reconsideration in light of *Stinson III.* —— U.S. ——, 113 S.Ct. 2325, 124 L.Ed.2d 238 (1993).

After oral argument in this case, another panel of this court, in the remand of *Stinson,* held that amendment 433 should be given retroactive application. *United States v. Stinson,* 30 F.3d 121 (11th Cir.1994) (*Stinson IV*). We are bound by the holding in *Stinson IV.* Therefore, we vacate Wright's sentence and remand for resentencing. Upon resentencing, the district court is to apply the Sentencing Guidelines currently in effect,[2] *see United States v. Munoz–Realpe,* 21 F.3d 375, 377 n. 4 (11th Cir.1994), which state that the felon in possession offense is not a crime of violence for purposes of the career offender calculation under Section 4B1.1.

VACATED and REMANDED.

---

**2.** It is clear in this case that application of the Sentencing Guidelines currently in effect will not present any *ex post facto* concerns.