UNITED STATES of America, Plaintiff,

v.

Robert JONES, Jr., Defendant.

No. 86–CR–20075–01–BC.

United States District Court,
E.D. Michigan, N.D.

Jan. 23, 1987.

James A. Brunson, Asst. U.S. Atty., Bay City, Mich., for plaintiff United States.

Robert L. Lee of Sinclair, Mathieu & Lee, Midland, Mich., for defendant Robert Jones.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

Defendant Robert Jones Jr. is charged with the offense of being a felon in possession of a firearm, contrary to Title 18 (App.) United States Code section 1202(a)(1). The government sought and obtained a detention order under the Bail Reform Act, 18 U.S.C. § 3142(f), from Unit-

ed States Magistrate Charles E. Binder. The defendant appealed and this court conducted a *de novo* hearing. At the hearing, the court made findings of fact and determined that the defendant poses a danger to the community and that no combination of conditions will reasonably assure the safety of the community. However, in addition to this finding, the court must determine that one of the predicate conditions set forth in section 3142(f) exist. In this case, the court must find that the indictment charges a crime of violence under section 3142(f)(1)(A) because no viable argument has been made that any other predicate conditions exist.

If the phrase "crime of violence" was undefined in the act, the court would readily conclude that the possession of a firearm by a felon is not a crime of violence because the mere possession of a firearm is not a violent act. The phrase has been defined in the act as;

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another, or,
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4). Paragraph (B) has broadened the meaning of the term. *See United States v. Chimurenga,* 760 F.2d 400, 404 (2nd Cir.1985); *United States v. Bushey,* 617 F.Supp. 292, 299 (D.C.Vt. 1985). The illegal possession of a firearm by a felon is a predicate offense therefore, if it is a felony and there is a substantial risk that the felon will commit a violent act during the entire period of time that the felon possesses the firearm. Since it is a felony, the only issue to be decided is whether the risk posed is substantial.

It is the opinion of this court that the offense of being a felon in possession is a crime of violence for the following reasons. With some logic, Congress might have excepted certain nonviolent, "white collar" felons from the operation of the firearm statute. Nevertheless, it is reasonable to infer that Congress considered convicted felons to be a class of persons whose members are more likely to use firearms in an irresponsible manner than the general public. Second, because of the association of felons with one another in prisons and jails, and because of educational efforts by probation and parole officers, the court assumes that most convicted felons are aware of the law forbidding them from possessing firearms. It follows that persons who violate the statute are often persons who have little regard for the law and many of such persons may fairly be classified as outlaws. Third, the illegal possession of a firearm is frequently a continuing act, so such risk that it entails is a continuing risk. The character of the crime cannot be measured solely as of the moment of discovery and arrest. Fourth, whether a risk is a substantial risk depends upon two factors; (1) the frequency of occurence and (2) the severity of the harm. The fact that many felons may and do possess firearms without using them against persons or property does not by itself obviate the seriousness of the harm caused by firearms. Firearms cause death and permanent injury. If, for example, the risk that a felon would shoot someone is 25% greater than the risk of a nonfelon doing so, then the risk can be characterized as substantial. Finally, it is a matter of common knowledge and overriding public concern that convicted felons are far more likely to commit additional felonies that are the other members of the public.

For these reasons, the court has concluded that the predicate condition to conducting a detention hearing established under section 3142(f)(1)(A) is satisfied when the defendant is charged with being a felon in possession of a firearm. In this case, the court has made the additional determination that the defendant poses such a danger to the public so as to warrant a detention order pursuant to the statute. An order reciting the court's findings of fact will be entered accordingly.