**UNITED STATES of America, Plaintiff,**

v.

**MacNeal JOHNSON a/k/a McNeal Johnson a/k/a Mack Neal Johnson, Defendant.**

**No. 88–CR–20054–BC.**

United States District Court,
E.D. Michigan, N.D.

Dec. 13, 1988.

See also, 704 F.Supp. 1403.

Michael J. Hluchaniuk, Asst. U.S. Atty., Bay City, Mich., for plaintiff.

Benjamin L. Crossley, W.F. Allen & Associates, Saginaw, Mich., for defendant.

MEMORANDUM OPINION

CHURCHILL, District Judge.

In this criminal matter, the Government's motion for pretrial detention of Defendant MacNeal Johnson requires the Court to revisit its determination that the crime of being a felon in possession of a firearm is a "crime of violence" as contemplated by the Bail Reform Act. *See United*

*States v. Jones,* 651 F.Supp. 1309, 1310 (E.D.Mich.1987) (interpreting "crime of violence" as defined by 18 U.S.C. § 3156(a)(4) and utilized in 18 U.S.C. § 3142(f)(1)(A)). Because the Court finds that subsequent interpretations of the term "crime of violence" have not undermined the *Jones* decision's logic, the Court reaffirms its interpretation of the "felon in possession" crime as a "crime of violence" sufficient to justify a pretrial detention hearing. *See generally* 18 U.S.C. § 3142(f)(1).

### I. Facts

On October 19, 1988, the Grand Jury handed down an indictment charging Defendant Johnson as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] *See* Indictment. At Defendant Johnson's arraignment on November 9, 1988 before Magistrate Charles Binder, the Government expressed its intention to seek an order of pretrial detention pursuant to the Bail Reform Act. *Cf.* 18 U.S.C. § 3142. On November 14, 1988, Magistrate Binder conducted a detention hearing and concluded that Defendant Johnson should be detained. Soon thereafter, the Magistrate issued supplemental findings of fact to support his decision on the pretrial detention motion; these fact findings include a specific cite to *Jones,* 651 F.Supp. 1309, for the proposition that Defendant Johnson has been charged with a "crime of violence." *See* Additional Fact Findings, ¶ 1(a) (Nov. 16, 1988).

■ In response to Defendant Johnson's motion for review of the Magistrate's pretrial detention order, the Court conducted a *de novo* hearing on the pretrial detention issue. At the hearing before the Court, the Government took the position that the indictment charges a "crime of violence," a

predicate to pretrial detention. *See* 18 U.S. C. § 3142(f)(1)(A). Moreover, the Government expressly disclaimed reliance on any other potential predicate.[2] *See id.* § 3142(f)(1)(B), (C) & (D). The Government, therefore, acknowledged that pretrial detention would be inappropriate if the Court were to reject the holding in *Jones.* Thus, the Magistrate's detention order can only stand if *Jones* is still good law, which Defendant Johnson contends it is not.

In Defendant Johnson's view, this Court's interpretation of a "crime of violence" cannot be squared with the meaning assigned to the term by the United States Sentencing Commission. *Compare Jones,* 651 F.Supp. at 1310 *with* United States Sentencing Commission, *Guidelines Manual* § 4B1.2, Application Note 1 (1988). The Sentencing Commission derived its interpretation of a "crime of violence" from 18 U.S.C. § 16, *see id.* § 4B1.2(1), which employs language identical to the statutory terminology construed in *Jones. Compare* 18 U.S.C. § 16 (defining "crime of violence") *with id.* § 3142(f)(1)(A) (same). Accordingly, the Court must compare the statutory formulation of a "crime of violence" to the *Jones* and Sentencing Commission interpretations to determine which interpretation more accurately reflects congressional intent.

### II. Title 18 "Crimes of Violence"

Although Congress has defined "crimes of violence" in several sections of Title 18, *see* 18 U.S.C. §§ 16, 924(c)(3), 3156(a)(4), the term "crime of violence" has been uniformly defined in all of these Title 18 sections. Specifically, Title 18 consistently speaks of a "crime of violence" as:

(a) an offense that has as an element the use, attempted use, or threatened use of

---

1. The indictment also charges Defendant Johnson with a violation of the recently reenacted Armed Career Criminal Act. *See* Firearms Owners' Protection Act, Pub.L. No. 99–308, § 104(a), 100 Stat. 449, 458 (1986) (codified at 18 U.S.C. § 924(e); originally codified at 18 U.S.C.App. § 1202 (repealed 1986)). In light of the Sixth Circuit's ruling that the Armed Career Criminal Act is merely a sentencing enhancement statute, rather than a statute designed to create a separate offense, *see United States v.*

*Brewer,* 853 F.2d 1319 (6th Cir.1988), the ACCA charge in the indictment is of no moment as far as the issue before the Court is concerned.

2. The Court obviously need not express any opinion as to whether the Government could successfully assert any of the other predicates as a basis for a detention hearing in the case at bar.

physical force against the person or property of another or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16; *accord* 18 U.S.C. §§ 924(c)(3), 3156(a)(4). This consistency is neither surprising nor coincidental. Sections 16 and 3156(a)(4) of Title 18 were both included in the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, §§ 203(c) & 1001(a), 98 Stat. 1837, 1985 & 2136 (1984), and the legislative history of the Act recognizes this fact. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 307 n. 9, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3486 n. 9. Soon thereafter, Congress amended 18 U.S.C. § 924 to also include a similar definition of "crime of violence." *See* Firearms Owners' Protection Act, Pub.L. No. 99–308, § 104(a), 100 Stat. 449, 457 (1986).

In moving to provide a uniform definition of "crimes of violence," Congress concurrently jettisoned a more limited conception of "crimes of violence" previously included in Title 18. *See* 18 U.S.C. § 4251, *repealed by* Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, § 218(a)(6), 98 Stat. 2027 (1984). While repealed § 4251 of Title 18 restricted "crimes of violence" to the following offenses:

voluntary manslaughter, murder, rape, mayhem, kidnapping, robbery, burglary or housebreaking in the nighttime, extortion accompanied by threats of violence, assault with a dangerous weapon or assault with intent to commit any offense punishable by imprisonment for more than one year, arson punishable as a felony, or an attempt or conspiracy to commit any of the foregoing offenses[,]

18 U.S.C. § 4251 (repealed 1984), the revised standard adopted in 1984 characterizes a "crime of violence" in more nebulous and seemingly more expansive terms. *See, e.g.,* 18 U.S.C. §§ 16 & 3156(a)(4).

Congressional intent to expand the "crime of violence" concept while creating a universally applicable definition of the term is clearly evident in the legislative history. *See* 1984 U.S.Code Cong. & Admin.News at 3486–87. With respect to subsection (b) of the uniform definition, *see, e.g.,* 18 U.S.C. §§ 16(b) & 3156(a)(4)(B), the Senate Report explains that:

offenses such as burglary in violation of State law and the Assimilative Crime Acts would be included in the latter category *inasmuch as such an offense would involve the substantial risk of physical force against another person or against the property.*

1984 U.S.Code Cong. & Admin.News at 3487 (emphasis added). This statement unequivocally indicates that courts should weigh the *risk* of force associated with a crime in determining whether the crime is one "of violence." A finding of "substantial risk," *see id.,* in Congress' view, should perforce result in a ruling that the crime under scrutiny is a "crime of violence." *See* 18 U.S.C. §§ 16(b) & 3156(a)(4)(B); *see also* 1984 U.S.Code Cong. & Admin.News at 3487.

Beyond the expansive nature of the "crime of violence" concept, one additional salient point emanates from the text and legislative history of the uniform definition. Specifically, Congress intended courts to look to the *nature* of the offense, rather than to the facts of each individual commission of the offense, in deciding whether a "crime of violence" has occurred. *See* 18 U.S.C. §§ 16 (any offense "that, by its nature, involves a substantial risk [of] physical force") & 3156(a)(4)(B) (same); *see also* 1984 U.S.Code Cong. & Admin.News at 3486–87. Each generic offense must be categorized as either a "crime of violence" or not a crime of violence; there cannot be a justification for *ad hoc* classification of criminal activity. *See United States v. Chimurenga,* 760 F.2d 400, 404 (2d Cir. 1985); *cf. United States v. Headspeth,* 852 F.2d 753, 759 (4th Cir.1988) (interpreting 18 U.S.C. § 924(e)(2)(B)(ii) "violent felony" definition). Against this backdrop, the Court must evaluate the *Jones* and Sentencing Commission definitions of "crimes of violence" to ascertain which formulation is more consistent with congressional intent.

### III. Competing Interpretations of "Crimes of Violence"

On January 23, 1987, this Court issued an opinion holding that the crime of being a felon in possession of a firearm is a "crime of violence" for purposes of the Bail Reform Act. *See Jones*, 651 F.Supp. 1309. During the following year, the United States Sentencing Commission promulgated sentencing guidelines accompanied by interpretative commentary interspersed throughout the Guidelines Manual. *See* United States Sentencing Commission, *Guidelines Manual* (1988). In an explanatory Application Note, the Sentencing Commission offered an interpretation of "crimes of violence" that arguably conflicts with the *Jones* formulation. Each of these two definitions, therefore, must be analyzed in some detail before either of the two can be applied in the case at bar.

### A. United States v. Jones

In *United States v. Jones*, 651 F.Supp. 1309, this Court addressed the general nature of illicit firearm possession by felons and ruled that such illegal firearm possession constitutes a "crime of violence." *Id.* at 1310. In reaching this conclusion, the Court offered four independent arguments explaining why possession of a firearm by a felon, by its very nature, "involve[s] the substantial risk of physical force against another person[.]" *Cf.* 1984 U.S.Code Cong. & Admin.News at 3487. The Court noted that felons are "more likely to use firearms in an irresponsible manner." *Jones*, 651 F.Supp. at 1310. Also, felons in possession of firearms are acutely aware that such activity is illegal, so their acts of possessing weapons illustrate knowing disregard for legal obligations imposed upon them. *Id.* Moreover, felons are more likely to commit crimes, so their possession of guns simply compounds the likelihood that criminal activity of convicted felons will be accompanied by use of firearms. *Id.* Finally, the illegal possession of a gun is an on-going process that often is not ended voluntarily, but only through law enforcement intervention. *Id.* For all of these reasons, the Court concluded that firearm possession by felons, "by its nature," involves "substantial risk of physical force against another person." *See, e.g.,* 1984 U.S.Code Cong. & Admin.News at 3487; 18 U.S.C. § 3156(a)(4)(B). Thus, the inquiry in *Jones* focused on the nature of firearm possession by convicted felons in general; the product of this generalized analysis was the classification of the crime as one "of violence." *See Jones*, 651 F.Supp. at 1310 (applying 18 U.S.C. § 3156(a)(4)).

### B. Sentencing Guideline Commentary

Section 4B1.2(1) of the sentencing guidelines expressly borrows the "crime of violence" definition from 18 U.S.C. § 16. *See Guidelines Manual* § 4B1.2(1). The Sentencing Commission, therefore, started from the same statutory language as the *Jones* opinion in identifying "crimes of violence." The Sentencing Commission's application of the term, however, varies to a certain degree from the concept derived in *Jones*. Applying 18 U.S.C. § 16, the Sentencing Commission produced the following interpretation:

> murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson or robbery are covered by this provision. *Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition.* For example, conviction of an escape accomplished by force or threat of injury would be covered; conviction of an escape by stealth would not be covered. Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.

*Guidelines Manual* § 4B1.2(1), Application Note 1 (emphasis added). The Sentencing Commission's list of offenses closely resembles the restrictive catalogue of offenses that Congress rejected in favor of the broader uniform definition. *Compare id. with* 18 U.S.C. § 4251 (repealed 1984). The "other offenses" provision of the Sentencing Commission's interpretation, however, indicates that the list of crimes in Application Note 1 is intended to be illustrative, rather than exhaustive. *See*

*Guidelines Manual* § 4B1.2(1), Application Note 1.

In an effort to explain the catch-all "other offenses" language, the Sentencing Commission formulated two hypotheticals after noting in passing that classification of "other offenses" as "crimes of violence" depends upon the "conduct for which the defendant was specifically convicted[.]" *Id.* Both the first hypothetical and the passing reference to the defendant's specific conduct appear to contravene congressional focus on the nature of the offense in the abstract, as opposed to each individual defendant's conduct.[3] *Compare id. with* 18 U.S.C. §§ 16 ("any other offense that ... by its nature, involves a substantial risk [of] physical force") & 3156(a)(4) (same). Conversely, the Sentencing Commission's second hypothetical seems faithful to congressional intent in this respect.[4] *See Guidelines Manual* § 4B1.2(1), Application Note 1 ("Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered."). By placing emphasis on the second hypothetical, then, the Court can readily square *Jones* with the Sentencing Commission's interpretation of crimes of violence; both interpretations reflect congressional intent to analyze each generic crime and reach a decision as to whether the crime, "by its nature," *cf.* 18 U.S.C. §§ 16 & 3156(a)(4), is a "crime of violence." In contrast, the Sentencing Commission's "other offenses" language and its first hypothetical apparently are at odds both with *Jones* and with the uniform "crime of violence" definition created by Congress.

## IV. United States v. Jones—A Reflection of Congressional Intent

In the case at bar, Defendant Johnson argues that *Jones* should be rejected essentially because its analytical underpinnings conflict with the Sentencing Commission's approach to defining "crimes of violence." This argument utilizes the wrong yardstick in measuring the propriety of the *Jones* analysis; the logic of *Jones* must be compared to the uniform statutory "crime of violence" definition and the legislative history of the definition, rather than to the Sentencing Commission's interpretation. Comparison of *Jones* to the legislative history describing the method for defining "crimes of violence" reveals that *Jones* is entirely consistent with the legislatively prescribed method of analysis. *Compare Jones,* 651 F.Supp. at 1310 *with* 1984 U.S. Code Cong. & Admin.News at 3486–87.

In *Jones,* the Court considered the general crime of being a felon in possession of a firearm, and ultimately reasoned that the offense, by its nature, involves a substantial risk of physical force. *Cf.* 1984 U.S.Code Cong. & Admin.News at 3487. Based on this conclusion, the Court categorized the crime as one "of violence." *Jones,* 651 F.Supp. at 1310. Defendant Johnson, in the case at bar, asserts that the specific facts supporting the "felon in possession" charge against him do not warrant "crime of violence" classification; he cites the Sentencing Commission's interpretation of a "crime of violence" in support of his request for individualized analysis of his activities. This the Court cannot under-

---

**3.** The first hypothetical speaks of the specific nature of the escape in differentiating between violent and nonviolent escape. The Sentencing Commission's hypothetical is consistent with the spirit of Congress' "crime of violence" definition if, but only if, a statutory distinction is drawn between these two types of escape. *Compare* M.C.L.A. §§ 750.193 & 750.195 (escape from prison or jail) *with id.* 750.197c (violent escape); *but see People v. Johnson,* 115 Mich.App. 630, 633, 321 N.W.2d 752 (1982) (construing M.C.L.A. § 750.197c, court held that "the statute was intended to include only the concept of violence implicit in any assault and, therefore, that any assault committed by a prison resident on any employee of the prison, *whether or not committed during an escape,* falls within the purview of

the statute.") (emphasis added). If a statutory scheme merely proscribes escape without reference to whether such activity is violent or nonviolent, however, a court applying the congressional "crime of violence" definition is not at liberty to examine the particular facts of a specific escape in determining whether a "crime of violence" has been charged. *See* 1984 U.S.Code Cong. & Admin.News at 3486–87.

**4.** The Sentencing Commission apparently assumed that statutory schemes provide for separate offenses of burglarizing a dwelling and burglarizing other structures. *See, e.g.,* M.C.L.A. § 750.110.

take. The uniform definition of "crime of violence" plainly states that the Court must classify the generic offense without regard to the specific actions of any individual defendant. *See* 18 U.S.C. § 3156(a)(4); *accord id.* §§ 16 & 924(c)(3); *cf. Chimurenga,* 760 F.2d at 404. In *Jones,* the Court found that being a felon in possession of a firearm is a crime of violence; Defendant Johnson has offered no justification for abandoning this general proposition. Irrespective of the Sentencing Commission's conceptualization of the proper mode of analysis, the Court cannot consider Defendant Johnson's specific conduct in deciding whether he has been charged with a "crime of violence" for Bail Reform Act purposes. *Cf.* 18 U.S.C. § 3142(f)(1)(A). His individual conduct is only relevant in the context of a detention hearing, not in determining as a threshhold matter whether such a hearing is permissible based on the charge against him. *Compare id.* § 3142(e) *with id.* § 3142(f)(1). Accordingly, the Court must evaluate the evidence presented at the detention hearing to determine whether pretrial detention of Defendant Johnson is appropriate. *See generally id.* § 3142(e). This evaluation will take the form of a separate order.