UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Earl OLIVER, Defendant–Appellant.

No. 92–7109
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 5, 1994.

---

Carter A. Robinson, Huntsville, AL, for plaintiff-appellee.

Jack W. Selden, U.S. Atty., Pamela G. Daniel, Asst. U.S. Atty., Birmingham, AL, for defendant-appellant.

Before KRAVITCH and BIRCH, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Robert Earl Oliver was convicted of several offenses, including possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced as an armed career criminal under U.S.S.G. § 4B1.4. Oliver appeals his sentence, arguing that the district court erred in classifying his prior conviction for possession of a firearm by a convicted felon as a "violent felony" under the relevant guideline provision, and in triple-counting his prior robbery conviction in determining his current offense, his criminal history and his offense level. We hold that possession of a firearm by a convicted felon does not constitute a "violent felony" within the meaning of section 4B1.4, and therefore

remand this case for resentencing in light of this opinion. With respect to Oliver's claim of "triple-counting," we conclude that the district court committed no error.

## I.

Oliver, a convicted felon, was indicted on August 28, 1992, for two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 924(g)(1), and one count of making a false statement in connection with the acquisition of a firearm, 18 U.S.C. § 922(a)(6). These charges arose from two separate incidents in which Oliver pawned several revolvers to a federally licensed firearms dealer. A jury found him guilty on all counts on November 3, 1992. Following a sentencing hearing, the district court adopted the sentencing calculation set forth in the presentence investigation report, and found that Oliver was an armed career criminal pursuant to U.S.S.G. § 4B1.4. The court determined that "the three violent felony convictions that cause him to qualify for that treatment would be the 1979 possession of a pistol as a convicted felon, the 1980 carnal knowledge conviction and the 1980 robbery conviction." The court further suggested that "those are by no means the extent of [Oliver's] prior convictions but those are the three that I am focusing on for the purposes of the armed career offender classification." Oliver was sentenced to 276 months of incarceration.

## II.

Oliver's principal contention is that the district court erred in construing his 1980 conviction for possession of a firearm by a felon as one of the three prior convictions necessary to subject him to the mandatory-minimum sentence reserved for armed career criminals. Under the Guidelines, "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. 4B1.4(a). The referenced statute provides, in pertinent part:

In the case of a person who violates section 922(g) [1] of this title and has three previous

---

1. 18 U.S.C. § 922(g)(1) makes it unlawful for any person

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ...

convictions ... for a violent felony ... such person shall be fined not more than $25,000 and imprisoned not less than 15 years....

18 U.S.C. § 924(e). The primary question raised by Oliver on appeal requires this court to resolve whether possession of a firearm by a convicted felon is a "violent felony" within the meaning of the statute.

Section 924(e) defines a violent felony as "any crime punishable by imprisonment of a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device that would be punishable by imprisonment by such term if committed by an adult, that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

Those few courts that have addressed the meaning of "violent felony" pursuant to § 924(e) as encompassed by U.S.S.G. § 4B1.4 have looked to the language of a corollary guideline provision for career offenders, U.S.S.G. § 4B1.1. *See, e.g., United States v. Garcia–Cruz*, 978 F.2d 537 (9th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 2453, 124 L.Ed.2d 669 (1993); *United States v. Doe*, 960 F.2d 221 (1st Cir.1992). A "career offender" under § 4B1.1 is defined by, *inter alia,* the commission of a "crime of violence." The definition of "crime of violence," as set forth in § 4B1.2, is similar to "violent felony" in § 924(e).[2] The commentary to § 4B1.2, however, specifically excludes the unlawful possession of a firearm by a felon from the

purview of "crime of violence" as that term is defined by the guideline[3], an interpretation to which this court is bound. *See Stinson v. United States,* — U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.") No like provision exists in the statutory definition of "violent felony."

The application note following § 4B1.4 explicitly states that "[t]he definitio[n] of "violent felony" ... in 18 U.S.C. § 924(e) ... [is] not identical to the definitio[n] of 'crime of violence' ... used in § 4B1.1." It is important to note that the phrases "crime of violence" and "violent felony," as employed in the guidelines and in § 924(e) respectively, are distinctly worded terms of art that, while apparently similar, are not interchangeable. Section 924(e), for instance, is far broader in scope than § 4B1.1, and explicitly encompasses within its reach the commission of any juvenile offense that would constitute a felony if committed by an adult. Language pertaining to juvenile convictions is notably absent from the text of either § 4B1.1 or its definitional section, § 4B1.2. Nonetheless, we conclude that the two expressions are not conceptually distinguishable for purposes of the narrow question raised in this appeal. The only language in either § 4B1.2 or § 924(e) that might implicate the level of violence involved in the possession of a firearm is that which proscribes "conduct that presents a serious potential risk of physical injury to another." As stated previously, courts interpreting §§ 4B1.1 and 4B1.2, prior to the commentary that binds courts on this issue, almost uniformly held that possession of a firearm by a convicted felon does not

---

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**2.** Under § 4B1.2,

(1) The term "crime of violence" means any offense under federal or state law punishable

by a term of imprisonment exceeding one year that—
(i) has as an element the use, attempted use or threatened use of physical force against the person of another, or
(ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

**3.** *See* § 4B1.2, Application Note 2.

rise to the level of conduct presenting a serious potential risk of physical injury, and thus cannot be construed as a "crime of violence." *See, e.g., United States v. Johnson,* 953 F.2d 110, 115 (4th Cir.1991) ("While a felon in possession of a firearm may pose a statistical danger to society, we refuse to interpret this statistical threat as evidence of specific intent on the part of an individual defendant. We hold, therefore, that the offense, felon in possession of a firearm, in the absence of any aggravating circumstances charged in the indictment, does not constitute a *per se* "crime of violence" under the provisions of U.S.S.G. § 4B1.2."); *United States v. Chapple,* 942 F.2d 439, 442 (7th Cir.1991) ("[T]he threat posed by simple possession of a weapon, without more, does not rise to the level of an act that 'by its nature, presented a serious potential risk of physical injury to another.' ") (citation omitted); *United States v. Fitzhugh,* 954 F.2d 253, 255 (5th Cir.1992) ("[T]he specific offense of unlawful possession of a firearm simply does not constitute a 'crime of violence.' ") This reasoning was again implemented by the Sentencing Commission in its November, 1992 amendments to the commentary to § 4B1.2. Precisely the same analytical framework applied by the courts in ascertaining the scope of a "crime of violence" logically obtains with respect to the question of what kind of conduct comprises a "violent felony." It is reasonable to suggest that conduct which does not pose a "serious potential risk of physical injury to another" for purposes of § 4B1.1 and 4B1.2 similarly cannot pose such a risk with respect to § 924(e) and § 4B1.4. *See also, United States v. Bell,* 966 F.2d 703, 705 (1st Cir.1992) ("Although this appeal involves a sentence enhanced under U.S.S.G. § 4B1.1 rather than U.S.S.G. § 4B1.4, we believe that the two guideline provisions must be construed *in pari passu* ...")

By the same token, settled principles of statutory construction require us to interpret the provision in § 924(e)(2)(B)(ii) regarding conduct presenting a "serious potential risk of physical injury" in light of the language that precedes it, specifically enumerating "burglary, arson, or extortion, [or] use of explosives" as descriptive of violent felonies. These offenses each manifest affirmative, overt and active conduct in which the danger posed to others extends beyond the mere possession of a weapon, and is far more threatening in an immediate sense. Most significantly, the statute requires that the *use*—rather than possession—of explosives gives rise to a potential violent felony. It is unlikely that in enacting § 924(e), Congress intended that the possession of a firearm be deemed a violent felony, while the possession of explosives would not be so categorized. We therefore conclude that possession of a firearm by a convicted felon does not constitute a "violent felony" within the meaning of § 924(e), and thus cannot be considered a predicate prior conviction for purposes of sentence enhancement under § 4B1.4.[4]

We note that at sentencing, the district court found that Oliver had other prior convictions, but did not articulate whether these convictions might also be violent felonies and thus serve to enhance Oliver's sentence under § 4B1.4. Because we can neither discern nor infer which convictions the court may have intended to include in its description of Oliver's criminal history, we decline to adopt the government's claim of harmless error. Instead, we remand this case for resentencing in light of our determination that possession of a firearm by a felon is not a "violent felony" as that term is set forth in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

### III.

Oliver also argues that because his 1980 robbery conviction was used as the basis for the instant offense as well as in the calculation of his offense level and criminal history, the sentencing court erred in "triple-

---

4. The government's suggestion that the conduct giving rise to Oliver's 1980 conviction for possession of a firearm included pointing a pistol at another individual, thereby making this conduct tantamount to a violent felony, is unavailing. The Supreme Court has expressly held that in analyzing whether an offense is a "violent felo-

ny" pursuant to § 924(e), we must employ "a formal categorical approach, looking only to the statutory definitions of the prior offense, and not to the particular facts underlying those convictions." *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990).

counting" this conviction. We state, without further comment, that this circuit previously has held that double or triple-counting a single offense for entirely distinct purposes under the Guidelines is permissible. *See United States v. Wyckoff*, 918 F.2d 925 (11th Cir.1990). We therefore conclude that the district court did not err in counting Oliver's 1980 robbery conviction when determining one of the predicate offenses giving rise to his status as an "armed career criminal," and in calculating his offense level and his criminal history.

### IV.

For the foregoing reasons, we REMAND this case to the district court with directions to vacate the sentence imposed and to resentence Oliver in accordance with this decision.