**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0686n.06

**Case No. 11-5279**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| FERRUCCIO FRISON, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

**FILED**

*Jun 28, 2012*

LEONARD GREEN, Clerk

**BEFORE: BATCHELDER Chief Judge; MARTIN and KETHLEDGE, Circuit Judges.**

**ALICE M. BATCHELDER**, **Chief Judge.** Appellant Ferruccio Frison appeals his sentence, claiming that the district court erred by treating his prior conviction under Tennessee law for Class E felony evading arrest as a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). Because this Court found in *United States v. Doyle*, 678 F.3d 429 (6th Cir. 2012), that such convictions do qualify as violent felonies under the ACCA, we **AFFIRM** Frison's sentence.

**I.**

Frison pled guilty to violating 18 U.S.C. § 922(g) by being a felon in possession of a firearm. He had previously been convicted of a Class E felony under Tennessee's law against evading arrest in a motor vehicle, Tenn. Code Ann. § 39-16-603. The Presentence Investigation Report treated that conviction as one for a crime of violence and recommended that, under U.S.S.G. § 2K2.1(a)(4), Frison's base offense level be increased. Frison objected to this recommendation, pointing out that

the Tennessee law specified two types of criminal vehicular evasion: the Class E felony for simply evading arrest in a motor vehicle and the stricter Class D felony status (and punishment) for those evasions that also "create[] a risk of death or injury to innocent bystanders or other third parties[.]" Tenn. Code Ann. § 39-16-603(b)(3). Thus, he reasoned, his Class E felony conviction was for a crime that did *not* include a serious potential risk to others and, accordingly, could not be considered a violent felony under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony"). Frison admitted that his construction of the state statute had been directly rejected in *United States v. Rogers*, 594 F.3d 517, 521 (6th Cir. 2010), but preserved the issue because he believed that the Supreme Court might vacate *Rogers* in the then-pending case, *Sykes v. United States*, 131 S. Ct. 2267 (2011).

Frison's prediction was accurate. While *Sykes* concluded that a very similar motor-vehicle-evasion conviction *was* a violent felony under the ACCA, the Indiana statute it construed treated both simple vehicular evasion and vehicular evasion that posed a serious risk to others the same for purposes of punishment. 131 S. Ct. at 2277. The Court reserved judgment on whether, under a statutory scheme that punished simple evasion less than serious-risk evasion, simple evasion would qualify as a violent felony for ACCA purposes. *Id.* Because the statutory scheme in *Rogers* was precisely the type which the Court declined to consider, the Court remanded *Rogers* for consideration of whether it was consistent with the reasoning in *Sykes*. *Rogers v. United States*, 131 S. Ct. 3018 (2011) (mem.).

Frison, of course, was sentenced before the Supreme Court decided *Sykes*, and the district court properly followed *Rogers*, counted his vehicular evasion conviction as a violent felony under the ACCA, and gave Frison the enhanced sentence that the ACCA mandated. Frison now asks this Court to exercise its *de novo* review over his sentence, *United States v. Flores*, 477 F.3d 431, 434 (6th Cir. 2007), and remand for resentencing in light of *Sykes.*

## II.

The *Rogers* court has not yet issued a post-remand decision. But in the meantime, this Court decided *United States v. Doyle*, which addressed essentially the same question presented by both *Rogers* and Frison's appeal. *Doyle*, 678 F.3d at 431. *Doyle* concluded that *Rogers* was correctly decided, that it was consistent with this Court's earlier decision in *United States v. Young*, 580 F.3d 373 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1723 (2010), and that *Sykes* fully supports *Rogers*'s conclusion. *Doyle*, 678 F.3d at 435.

Frison has not identified any particular in which *Doyle* (or, for that matter, *Rogers*) is distinguishable from his case, nor do we see one. Because *Doyle* is a prior published decision of this Court that squarely and directly rejects Frison's sole argument on appeal, we are bound to apply it here. *See* Sixth Circuit Rule 206(c) ("Reported panel opinions are binding on subsequent panels."); *accord United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010).

## III.

Accordingly, we **AFFIRM** Frison's sentence.